```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEAN REA,                       )
                                )
         Plaintiff,             )
    v.                          )     Civil Action No. 09-1205
                                )
FEDERATED INVESTORS,            )
                                )
         Defendant.             )
```

MEMORANDUM and ORDER

Gary L. Lancaster,
Chief Judge.                                    January 29, 2010

      This is an employment action brought under the U.S. Bankruptcy Code, 11 U.S.C. § 525(b). Plaintiff, Dean Rea, alleges that defendant's, Federated Investor's, refusal to hire him solely because he went through bankruptcy violates § 525(b) of the Bankruptcy Code which prohibits such discrimination. Plaintiff seeks monetary relief from, and placement with, defendant.

      Defendant moves to dismiss plaintiff's amended complaint under F.R.Civ.P. 12(b)(6), arguing that plaintiff's bankruptcy discrimination allegations fail to state a claim under 11 U.S.C. § 525(b). Specifically, defendant contends that § 525(b) of the Bankruptcy Code does not prohibit private employers, such as defendant, from refusing to hire individuals who have declared bankruptcy. Defendants conclude that because no prohibition exists, plaintiff's case must be dismissed for failure to state a claim upon which relief could be granted.

In response, plaintiff argues that statutory interpretation principles require this court to broadly interpret the express language of § 525(b). If interpreted broadly as plaintiff suggests, the statute would provide plaintiff with a viable cause of action for bankruptcy discrimination. For the reasons that follow, defendant's motion to dismiss will be granted and this case will be dismissed.

I. BACKGROUND

The following facts are uncontested. Plaintiff filed for bankruptcy in 2002, and his debts were discharged in 2003. On August 13, 2009, plaintiff interviewed for a project manager job with defendant through a placement firm, Infinity Tech Services ("ITS"). Plaintiff admits he was told that defendant's interviewer would determine his skill fit and interest level and if the interviewer was interested in hiring him, he would need to pass a credit and criminal background check.

Following the interview, ITS essentially informed plaintiff that: (1) defendant wanted to hire him, (2) his start date would be August 24, 2003, and (3) his salary would be $80,000. Plaintiff admits he accepted the offer with the understanding that he would need to pass a third-party investigation into his criminal and credit histories. Plaintiff admits that he executed authorizations to this end, and further, he disclosed his

bankruptcy. Shortly thereafter, ITS told plaintiff that defendant considered the bankruptcy to be a "deal killer."

On August 18 2003, ITS informed plaintiff that defendant refused to hire him and further, refused to authorize ITS to hire plaintiff for placement with defendant because of the bankruptcy. Plaintiff filed this lawsuit claiming defendant's refusal to hire him due to his bankruptcy constituted discrimination in violation of 11 U.S.C. § 525(b) and caused him to sustain wage loss, future earning ability, and suffer from emotional distress.

In response to plaintiff's bankruptcy discrimination claim, defendant timely filed a motion to dismiss arguing that 11 U.S.C. § 525(b) does not prohibit defendant, a private employer, from refusing to hire an individual if the individual has filed for bankruptcy. Plaintiff counters by arguing that a broad reading of § 525(b) provides him with legal recourse.

II. <u>LEGAL STANDARD</u>

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>,

550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570)). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the

necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8.

It is on this standard that the court has reviewed defendant's motion. Based on the pleadings of record and the briefs filed in support of and opposition thereto, the court is persuaded that plaintiff has not alleged facts that "raise a right to relief above the speculative level ... on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and emphasis omitted).

III. DISCUSSION

The parties concede there are no factual disputes. As such, our decision turns on whether these undisputed facts state a claim for "relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. The matter before this court, simply stated, is whether 11 U.S.C. § 525(b) prohibits a private employer from refusing to hire an individual who has filed for bankruptcy.

Section 525(b) of the Bankruptcy Code states:

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt--
>
> (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
>
> (2) has been insolvent before the commencement of a case

> under this title or during the case but before the grant or denial of a discharge; or
>
> (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(b).

The preceding subsection, 11 U.S.C. § 525(a), states that when the government is the employer, it may not:

> ... deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title ... solely because such ... debtor is or has been a debtor under this title or under the Bankruptcy Act....

11 U.S.C. § 525(a).

Due to the fact that no binding precedent exists with respect to the comparative interpretation of these two subsections, this court relies upon the basic principles of statutory construction to resolve the matter. Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose. See, Engine Mfrs. Assn. v. South Coast Air Quality Management Dist., 541 U.S. 246, 252 (2004). "The best evidence of that purpose is the statutory text adopted by both Houses of Congress and submitted to the President." West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83, 98 (1991).

When interpreting a statute, the Court looks first to the statute's plain meaning and, if the statutory language is clear and

unambiguous, the inquiry comes to an end. See, Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)([I]n interpreting a statute a court should always turn first to one, cardinal canon before all others... When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete."). When the plain meaning cannot be derived, the provision at issue must be viewed in the context of the statute as a whole. See Dolan v. U.S. Postal Serv., 546 U.S. 481, 486 (2006)("A word in a statute may or may not extend to the outer limits of its definitional possibilities. Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.")

Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. Russello v. U.S., 464 U.S. 16, 23 (1983); accord, Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 452-53 (2002) (Where Congress wanted to provide for successor liability in the Coal Act, it did so explicitly, as demonstrated by other sections in the Act that give the option of attaching liability to "successors" and "successors in interest.")

The Court of Appeals for the Third Circuit in Kapral v.

United States, thoroughly analyzed the canon set forth in Russello and noted as follows:

> The way in which the canon was employed in Russello illustrates how it may properly be used.
>
> \*       \*       \*
>
> Russello ... was a case in which the statutory language at issue had a plain meaning, an argument was made that the statutory language should be interpreted more narrowly than that plain meaning, another provision of the same statute used different language to convey that narrower meaning, and the Court therefore presumed that the provision at issue meant what its language plainly stated and did not have the artificially narrow meaning explicitly set out in the other, more narrowly crafted statutory section.

Kapral v. United States, 166 F.3d 565, 579 (3d Cir. 1999).

Applying the foregoing case law, we begin by noting that 11 U.S.C. § 525(a) plainly and unambiguously indicates that when the government is the employer, it may not "deny employment to, terminate the employment of, or discriminate with respect to employment against," a person who "is or has been a debtor" under the Bankruptcy Act. In contrast, 11 U.S.C. § 525(b) pertains to private employers, and prohibits a private employer from "terminat[ing] the employment of, or discriminat[ing] with respect to the employment against" a person who "is or has been a debtor" under the Bankruptcy Act.

Notably, subsection 11 U.S.C. § 525(b) fails to include the phrase, "deny employment to" like subsection 11 U.S.C. § 525(a). Plaintiff argues that the phrase "discriminate with

8

respect to employment" found in both subsections (11 U.S.C. § 525(a) and (b)), should be broadly interpreted to encompass the phrase "deny employment to" which Congress explicitly set forth in 11 U.S.C. § 525(a) but opted not to include in subsection (b).

Subsection (a) of section 525 plainly and explicitly prohibits the government from denying an individual employment simply because he or she has either filed for bankruptcy protection or been declared bankrupt, while subsection (b) lacks the same language prohibiting private employers from doing so. Thus, the general tenets of statutory construction lead us determine that "where Congress ... has carefully employed a term in one place and excluded it in another, it should not be implied where excluded. Marshall v. Western Union Tel. Co., 621 F.2d 1246, 1251 (3d Cir. 1980). We therefore decline to impose the prohibition set forth in subsection 525(a) upon subsection 525(b), because Congress clearly opted to exclude it.

Moreover, both subsections contain the phrase "discriminate with respect to employment"; however, subsection 525(a) specifically prohibits a government-employer from denying employment to an individual who filed for bankruptcy, whereas subsection 525(b) does not explicitly prohibit that same action with respect to private employers. Thus, plaintiff's suggestion that the phrase "discriminate with respect to employment" found in both subsections 525(a) and (b) be read to encompass the phrase

9

"deny employment to," found only in subsection 525(a), lacks merit.

Accordingly, we concur with defendant that plaintiff lacks a statutorily cognizable cause of action under 11 U.S.C. § 525(b) against the defendant, a private employer, for denying plaintiff employment when plaintiff readily admits to having filed for bankruptcy and was declared to have been bankrupt.

Defendant's motion to dismiss will be granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN REA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Civil Action No. 09-1205 |
| | ) |
| FEDERATED INVESTORS, | ) |
| | ) |
| Defendant. | ) |

ORDER

AND NOW, this 29th day of January, 2010, IT IS HEREBY ORDERED THAT Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

BY THE COURT:

_____, C. J.

cc: All Counsel of Record

11